**STATEMENT OF FACTS**

On January 17, 2026, at approximately 8:52 p.m., Metropolitan Police Department (MPD) Officers Jordan Thomas and Christopher Messer, while on routine patrol and in full police uniform, responded to the intersection of Ainger Place and Langston Place, Southeast, Washington, D.C., following a reported distressed 9-1-1 hang up. While in route, the call for service was upgraded to a shooting, involving a single victim at an apartment complex located in the 2400 block of Ainger Place, Southeast, Washington, D.C. During the call, V-1 stated that her partner shot her in the face, and that he was still there.

After arriving at the apartment at approximately 9:09 p.m., officers made contact with V-1. When officers entered the apartment, they saw V-1 bleeding profusely from her head. As officers secured the scene, V-1 turned around and hobbled to the rear of the apartment, leaving a visible trail of blood. V-1 was unable to verbally communicate with officers because her mouth was filled with blood. She made it to the living room before collapsing on the floor. Responding officers immediately rendered first-responder casualty care until members of the District of Columbia Fire and Emergency Medical Services Department (DCFEMS) arrived on scene moments later. DCFEMS evaluated V-1 and provided emergency medical treatment. Medical personnel determined that V-1 had a gunshot wound to the right cheek. V-1 was transported to a local hospital, where she underwent surgery related to the gunshot wound to her face.

While securing the scene, officers discovered a firearm on a bed in the rear bedroom. The firearm was a black 9mm Sig Sauer P365 (S/N 66B723905). It was loaded with one 9mm round in the chamber and had nine 9mm rounds in a 12-round magazine. Upon inspection, the firearm appeared to be fully functional and operable, capable of expelling a projectile by means of explosive action, capable of being fired with one hand, and had a barrel length of less than 12 inches. Officers also discovered a single 9mm fired shell casing on the floor in the kitchen area.

1

During their preliminary investigation, officers reviewed a MPD report taken from January 16, 2026 (CCN 26007552). That report identified a Lexus RX400H SUV with Virginia hard tag SZU4029, solely registered to Eugene Chapman (hereinafter Defendant Chapman), V-1's romantic partner.

In police report CCN 26007552, V-1 told police that Defendant Chapman took O-2, V-1 and Defendant Chapman's minor child, after they got into a verbal altercation. The report further noted that the Lexus SUV was a vehicle Defendant Chapman regularly used for transportation.

At approximately 9:35 p.m., officers saw a Lexus SUV with Virginia hard tag SZU4029 in the parking lot of 2412 Ainger Place, Southeast, and stopped the vehicle. Defendant Chapman was in the driver's seat of the SUV, along with O-2, who was in the rear seat on the passenger side of the vehicle. After a brief standoff, during which officers de-escalated the situation, Defendant Chapman was removed from the vehicle and placed under arrest. Officers confirmed Defendant Chapman's identity after recovering his D.C. Driver's License bearing his name.

Later that evening, MPD Detectives Emmett Jones and Ralph Luna went to George Washington University Hospital to interview V-1. The attending physician, Dr. Thomas, told the Detectives that V-1 sustained a gunshot wound to her right cheek and that the bullet travelled at an upward angle and became lodged in her hard palette. Dr. Thomas also told them that V-1 was in critical condition and would be intubated.

After attempting to speak with V-1, Detective Jones returned to the offense location and met with the property manager to review surveillance footage. The video depicted Defendant Chapman leaving V-1's apartment before DCFEMS and MPD arrived on the scene.

On January 22, 2026, MPD Detective Couick visited V-1 in the hospital and spoke to her about what happened on January 17. V-1 was unable to speak, so V-1 and Detective Couick communicated via the Notes app on V-1's sister's phone. During that communication, V-1 wrote

2

in a message that Defendant Chapman took O-2 and left O-2 in the car while he repeatedly entered and exited the apartment. V-1 further wrote that when she tried to get the baby from the car, Defendant Chapman pushed her down and shot her. Detective Couick conducted an ID procedure with V-1. During the procedure, Detective Couick showed V-1 a photograph of Defendant Chapman that was pulled from police records. Detective Couick asked V-1 if the person in the photograph was the person who shot her, and V-1 nodded yes, identifying Defendant Chapman as the shooter.

A criminal history check revealed that Defendant Chapman was convicted of Possession of Stolen Property on June 20, 2004, in Newport News, Virginia, case number GC04008811-00. On that date, the Defendant was sentenced to three years' incarceration with three years suspended. On July 9, 2019, in D.C. Superior Court, case number 2019 CF3 005030 Defendant Chapman was convicted of: (1) Attempted Burglary Two and sentenced to 36 months' incarceration; and (2) Unlawful Possession of a Firearm (Prior Conviction) Firearm and sentenced to 18 months' incarceration. The Defendant was released from custody on May 6, 2023. As such, on the date of his arrest in the instant case, Defendant Chapman was aware that he had been previously convicted of a crime that was punishable by more than a year. This conviction also made Defendant Chapman ineligible to have a concealed pistol carry permit in the District of Columbia. A check of police records revealed the Defendant was not licensed to possess a firearm in the District of Columbia, nor was the firearm registered in the District of Columbia.

There are no firearms or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition described above necessarily traveled in interstate commerce before they were recovered in the District of Columbia.

_____

Elizabeth Couick
Detective
Metropolitan Police Department

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 29th day of January 2026.*

_____

THE HONORABLE MOXILA A. UPDAHYAYA
U.S. MAGISTRATE JUDGE

4